COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-05-269-CV
 
 
MIKEY'S 
HOUSES LLC AND                                                  
APPELLANTS
HELEN 
L. MARTIN AND
JOYCE 
A. POWELL
  
V.
  
BANK 
OF AMERICA CORPORATION                                         APPELLEES
D/B/A 
BANK OF AMERICA N.A.,
REPUBLIC 
TITLE OF TEXAS, INC.
AND 
CARMALETA KEENAN A/K/A
CARMALETA 
WELLS KEENAN
 
 
------------
 
FROM 
THE 48TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Mikey’s 
Houses, LLC, Helen L. Martin, and Joyce A. Powell are attempting to appeal the 
trial court’s interlocutory order granting Appellee Bank of America’s motion 
to enforce a contractual waiver of jury trial.  We dismiss the appeal.
        The 
permissive appeal statute provides as follows:
   
A district court may issue a written order for interlocutory appeal in a civil 
action not otherwise appealable under this section if:
 
(1) 
the parties agree that the order involves a controlling question of law 
as to which there is a substantial ground for difference of opinion;
 
(2) 
an immediate appeal from the order may materially advance the ultimate 
termination of the litigation; and
 
(3) 
the parties agree to the order.
 
Tex. Civ. Prac. & Rem. Code Ann. § 
51.014(d) (Vernon Supp. 2004-05) (emphasis added).
        Neither 
Appellants’ motion for permission to file an interlocutory appeal, their 
notice of appeal, nor the trial court’s order granting permission to file the 
interlocutory appeal complies with this statute.  There is no allegation or 
evidence in the trial court’s order or in the record before us that Bank of 
America has agreed to the order granting the interlocutory appeal.  
Further, there is no allegation or evidence that Bank of America agrees that the 
order being appealed involves a controlling question of law about which there is 
a substantial difference of opinion.  Appellants’ motion for permission 
to appeal merely states:
   
Plaintiffs have sought the agreement of Defendant Bank of America, and will 
provide the same to the Court upon receipt, or will advise the Court that no 
agreement can be reached, in which case other legal avenues will be 
utilized.  Plaintiffs hope to hear from Defendants within the next five 
days.
 
 
        Likewise, 
the trial court’s order simply recites: ”[T]he Court being fully advised in 
the premises and having heard statements of counsel, does hereby grant the 
Plaintiffs Permission to File Interlocutory Appeal of Denial of Jury Trial.”
        Because 
Appellants’ documents and the trial court’s order, on their face, show a 
failure to comply with the statute, we dismiss the appeal.
 
                                                                  PER 
CURIAM
 
 
 
PANEL 
A:   MCCOY, LIVINGSTON, and GARDNER, JJ.
 
DELIVERED: 
August 25, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.